AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| David Gentile and Jeffry Schneider | ) Case No. 1:21-cr-00054 (RPK) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: ▇▇▇▇▇▇▇▇

(Name of person to whom this subpoena is directed)

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Appendix A

| Place: ArentFox Schiff LLP<br>1301 Avenue of the Americas, 42nd Floor<br>New York, NY 10019 | Date and Time: 14 days following the issuance of the Court's order |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: 5/21/2024

CLERK OF COURT

_Ryan O'Neil-Berven_
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing (name of party) Defendant Jeffry Schneider                                     , who requests this subpoena, are:
Michelle J. Shapiro c/o ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor, NY, NY 10019; Michelle.Shapiro@afslaw.com; 212-484-3943

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 1:21-cr-00054 (RPK)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                *Server's signature*

                                        _____
                                            *Printed name and title*

                                        _____
                                               *Server's address*

Additional information regarding attempted service, etc.:

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# APPENDIX A

## DEFINITIONS

1. **"Ascendant"** means Ascendant Capital, LLC and/or any affiliated entity, as well as any agents, attorneys, employee(s), representative(s), or any other Person(s) acting or purporting to act on Ascendant's behalf.

2. **"Communications"** means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral Communication, includes any Document evidencing such oral communication. It includes the transmittal of information by any means, including email, SMS, MMS, or other text messages, messages on social networking sites (including but not limited to, Facebook, WhatsApp, LinkedIn, Instagram, and Twitter/X), shared applications from cell phones, or by any other means. "Communication" also includes, without limitation, all originals and copies that are provided by you or to you by others.

3. **"Concerning"** means in whole or in part, directly or indirectly, and without limitation, relating to, related to, describing, reflecting, comprising, constituting, containing, arising from, embodying, evidencing, identifying, stating, dealing with, recording, evaluating, substantiating, referring to, alluding to, in connection with, commenting on, regarding, discussing, showing, analyzing, or reflecting. To minimize any burden, for purposes of this Subpoena only, "Communications" does not include communications created, updated, transmitted or received after December 31, 2018, that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and thus no privilege log for such communications is sought at this time.

4. **"Documents"** has the meaning ascribed to that term in E.D.N.Y. Local Rules as any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained directly, or, if necessary, after translation by the responding party into a reasonably usable form. "Documents" also includes any "draft or non-identical copy" of any of the foregoing materials. To minimize any burden, for purposes of this Subpoena only, "Documents" does not include documents created, updated, transmitted or received after December 31, 2018, that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and thus no privilege log for such communications is sought at this time.

5. **"DOJ"** means the United States Department of Justice.

6. **"FINRA"** means the Financial Industry Regulatory Authority.

7. **"GPB"** means GPB Capital Holdings, LLC and/or any affiliated entity, as well as any agents, attorneys, employee(s), representative(s), or any other Person(s) acting or purporting to act on GPB's behalf.

8. **"GPB Funds"** means any of GPB Holdings, LP, GPB Holdings II, LP, GPB Automotive Portfolio, LP, GPB Waste Management, LP, and GPB Cold Storage, LP and/or any affiliated entity, as well as any agents, attorneys, employee(s), representative(s), or any

other Person(s) acting or purporting to act on GPB's behalf. Each of these individually is a "Fund."

9. **"GPB Monitor"** means the independent monitor appointed to oversee the operations of GPB, Joseph Gardemal of Alvarez & Marsal.

10. **"Including"** shall not be construed to limit any request to the items enumerated after such term but instead shall be construed to mean "including but not limited to" or "including without limitation."

11. **"Investors"** means any Person who is, or at any time was, a limited partner or investor of any one or more of the GPB Funds, as well as any agents, attorneys, employee(s), representative(s), or any other Person(s) acting or purporting to act on such investor's behalf.

12. **"Person"** means any natural person or business, legal or governmental entity or association, including but not limited to corporations, broker-dealers, registered investment advisors, family offices, proprietorships, partnerships, trusts, estates, joint ventures, associations, firms, or other unincorporated organizations, or entities recognized in law, and includes the owners, officers, directors, agents, employees, trustees, parents, subsidiaries, affiliates, assigns, predecessors, and successors of such "Person."

13. **"Relevant Time Period"** means the time period from January 1, 2013 to the present, unless otherwise specified in a request.

14. **"SEC"** means the United States Securities & Exchange Commission.

15. **"You"** and **"Your"** refers to you individually, any entities owned or controlled by you, any trusts of which you are a beneficiary, any investment or retirement accounts of which you are an owner or beneficiary, or any agents, attorneys, employee(s), representative(s), or any other Person(s) acting or purporting to act on your behalf.

AFDOCS:199742666

## INSTRUCTIONS

1. In addition to the requirements set forth in the E.D.N.Y. Local Rules, which are incorporated herein by reference, the following instructions apply to each Request.

2. Documents that are in paper form or that constitute other physical objects from which recorded information may be visually read, as well as audio or video tapes or text messages or similar recordings, should be produced in their original form or in copies that are exact duplicates of the originals.

3. Computer files and similar electronic records should be produced in a readable and text-searchable form. Any password-protected Documents shall be produced with applicable passwords. Any Documents that contain color shall be produced in color.

4. Each page of all Documents produced must be marked with a unique identifier or "Bates Number."

5. Unless otherwise specified, the requests below apply to all GPB Funds for the entirety of the Relevant Time Period.

6. This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below, such as, for example, documents maintained by your counsel.

7. To the extent there are no responsive Documents to a particular Request, please indicate that in your response. If a Document once existed and has been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and the details concerning its non-existence.

8. To the extent that a Document otherwise responsive to any of the Requests is withheld on the ground(s) that it is subject to the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, please provide a log that identifies each such document and the specific reason for which it is being withheld in sufficient detail to allow assessment of the validity of the withholding. For each Document, the log should note:

   a. its author(s);
   b. its date;
   c. its subject matter;
   d. the name of the person who has the Document now, or the last person known to have it;
   e. the names of everyone who ever had the Document or a copy of it, and the names of everyone who was told the Document's contents;
   f. the reason you did not produce the Document; and
   g. the specific request in the subpoena to which the Document relates.

AFDOCS:199742666

9. If you redact any portion of a Document, please stamp the word "REDACTED" on each portion of the Document that contains redactions and provide the reason for the redactions in sufficient detail to allow assessment of the validity of the claim for redaction.

10. To the extent that any responsive Document has already been produced in *Kinnie Ma et al. v. Ascendant Capital, LLC et al.*, No. 19-cv-01050 (W.D. Tex.), or to the SEC or DOJ, we ask that you not re-produce the same documents, and instead identify the production ranges and bates numbers of such previously produced documents, unless excluding a prior production would cause additional burden.

11. This subpoena does not call for, and explicitly excludes, the production of any statements by You in the possession of DOJ.

## DOCUMENT REQUESTS

1. Documents Concerning Your potential or actual investment in a GPB Fund, including, without limitation, marketing materials, private placement memoranda, limited partnership agreements, subscription documents, K-1s, account/distribution statements, audited or unaudited financial statements, and fair market value statements.

2. Communications Concerning Your potential or actual investment in a GPB Fund, including, without limitation, communications with any other Investors, any broker-dealer or registered investment advisor, GPB, Ascendant, David Gentile, Jeffry Schneider, Jeffrey Lash, Phoenix/Trident, GPB Monitor, or any state or federal law enforcement or regulatory authority, including but not limited to the DOJ, SEC, or FINRA.

3. Documents and Communications Concerning any potential or actual transactions involving Your investment in a GPB Fund, including, without limitation, redemptions, recessions, or distributions.

4. Documents and Communications You relied on when deciding to invest in a GPB Fund.

5. Documents sufficient to demonstrate your net worth during each year You invested in a GPB Fund.

6. Documents sufficient to demonstrate Your income during each year You invested in a GPB Fund.

7. Documents and Communications reflecting any representations made about Your net worth or income in connection with any investment or potential investment in a GPB Fund, including, without limitation, Communications with any broker-dealers or registered investment advisors.

8. Documents sufficient to demonstrate how You reported transactions relating to Your investment in a GPB Fund on any of Your federal or state tax returns, including, without limitation, the tax treatment of any distributions or other payments received.

9. Communications Concerning the tax treatment of any transactions relating to Your investment in a GPB Fund, including, without limitation, any correspondence with a tax advisor or accountant and any tax forms provided by GPB.

10. Documents Concerning any of Your other alternative investments, including documents sufficient to identify fund names, dates and investment amounts and any financial statements or reports You received Concerning the performance of such investments.

11. Documents submitted to or filed with any court, state or federal law enforcement or regulatory authority, or the GPB Monitor Concerning Your investment in a GPB fund,

5

including, without limitation complaints submitted or filed with any court or regulator, documents from any lawsuit, arbitration, mediation, or other proceeding you have been involved in, and any responses, decisions, settlements or resolutions in those matters.

AFDOCS:199742666

# EXHIBIT 1

## Production of ESI

**Image Production Standard.** Except as provided herein, the parties shall produce all non-database ESI and hard copy documents in TIFF format. All TIFF formatted documents will be single-page, black & white, TIFF files. All TIFF images shall be produced in a folder named "**IMAGES**," which shall contain sub-folders named "0001," "0002," etc. Images from a single document shall not span multiple sub-folders.

**Production of Native Files.** For documents and ESI whose native format is MS Excel, MS PowerPoint, MS Access, QuickBooks, other database formats, multi-media files (audio or video), and any other file type that cannot be converted to TIFF, the original native files shall be produced in addition to a single-page TIFF placeholder. Native files shall be produced in a folder named "**NATIVES**."

**Extracted Text or OCR Text for TIFF Images and Native Files.** To the extent practicable, each individual document based on an electronic file shall be accompanied by one corresponding text file with text that is extracted from the electronic file. Extracted text or OCR files shall be produced in a folder named "**TEXT**."

**Load Files.** The parties' document productions shall include Relativity compatible Load Files, including a DAT file and an Opticon delimited file, that indicate document breaks of the TIFF images and additional fields as identified below. All Load and Cross-reference files shall be produced in a folder named "**DATA**."

**File Name.** Each document image file shall be named with the unique production number of the first page of the document in question followed by the file extension "TIF."

**Document Unitization.** If a document is more than one page, the unitization of the document and any attachments and/or notes shall be maintained as they existed in the original document.

**Parent-Child Relationships.** Parent-child relationships (the association between an attachment and its parent document) should be preserved and appropriately reflected in the metadata.

**Production of Metadata.** The following metadata fields associated with each electronic document, to the extent they are available, will be produced.

- Custodian
- BegBates
- EndBates
- BegAttach
- EndAttach
- AttachCount
- AttachName
- ParentBates
- From

7

AFDOCS:199742666

- Author
- To
- Cc
- Bcc
- E-mail Subject
- Filename
- Title
- DateSent
- DateRcvd
- DateCreated
- Date Last Modified
- Importance
- Conversation
- TimeSent
- TimeRcvd
- File Path
- Native Link - (if natives are exchanged)
- Text Link - (if text is exchanged)
- Confidentiality Designation - (for natively produced documents only, if required)
- Redacted
- Exceptions
- Hash Value
- File Extension

8