UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA

       v.                                        **MEMORANDUM AND ORDER**
                                              21-CR-54 (RPK) (PK)

JEFFRY SCHNEIDER,

            Defendant.
---------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Mr. Schneider intends to call one or more "former Ascendant personnel" who "would testify to, one or maybe two statements" that "they heard one or more defendant say" at particular meetings or events. Trial Tr. 4725. As set forth below, Mr. Schneider is directed to provide certain prior statements of these defense witnesses to the Court by July 22 for *in camera* inspection to determine whether they are subject to disclosure under Federal Rule of Criminal Procedure 26.2.

      When a defendant calls a witness other than a defendant to testify, Rule 26.2(a) requires that the defendant produce to the government "any statement of the witness that is in [the defendant's] possession and that relates to the subject matter of the witness's testimony," Fed. R. Crim. P. 26.2(a)—specifically, the witness's "direct testimony," *United States v. Mayersohn*, 413 F.2d 641, 643 (2d Cir. 1969). Rule 26.2(a)'s procedural requirements and its "definition of 'statements' essentially track those of the Jencks Act." *United States v. Scotti*, 47 F.3d 1237, 1249 (2d Cir. 1995). Under the Jencks Act, "a witness's prior statement must at least relate generally to the events and activities testified to before the statement must be produced," but statements that are "merely incidental or collateral need not be disclosed." *United States v. Snyder*, 740 F. App'x 727, 729 (2d Cir. 2018) (alterations, citations, and quotation marks omitted).

      As *Snyder*'s formulation suggests, even when a witness testifies only about a particular event, the witness's statements about other events may be subject to disclosure if they relate to the

1

same "activities" at issue on the direct examination. *Ibid.*; *see, e.g.*, *United States v. O'Brien*, 444 F.2d 1082, 1086 (7th Cir. 1971) (rejecting government's argument and district court's determination that production of statements was not required where "the statements related to times other than those alleged in the indictment and other than those testified about by the individual witnesses on their direct examination"); *United States v. Birnbaum*, 337 F.2d 490, 497 (2d Cir. 1964) (rejecting government's argument that because government did not elicit testimony about a particular conversation, it was not required to disclose the witness's prior statements about that conversation). The Second Circuit has suggested that the application of this rule requires consideration of context, because while "the witness need not have testified on direct to the specific conversation or document" for a witness's prior statement to be subject to disclosure, "it is also clear that not all statements that might in some way be helpful in impeaching the witness are producible." *Birnbaum*, 337 F.2d at 498. Instead, "particular facts must control[] and, '[t]he possible permutations of fact and circumstance are myriad.'" *Ibid.* (quoting *Palermo v. United States*, 360 U.S. 343, 353 (1959)).

Courts routinely examine materials in camera to determine whether they are subject to disclosure under the Jencks Act and Rule 26.2. *See Palermo*, 360 U.S. at 354 ("[W]hen it is doubtful whether the production of a particular statement is compelled by the statute, we approve the practice of . . . submit[ting] the statement to the trial judge for *an in camera* determination."); *Scotti*, 47 F.3d at 1249 (describing *in camera* review as the correct procedure for determining whether materials must be disclosed under the Jencks Act or Rule 26.2). Accordingly, if Mr. Schneider possesses statements of the anticipated witnesses relaying what either defendant said about the topics at issue in the witnesses' anticipated testimony (without regard to timeframe), those statements should be disclosed to the Court for *in camera* inspection.

3

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████ In addition, any statement of these witnesses that would support impeachment for bias, interest, or failure of memory should be disclosed to the Court for *in camera* inspection. *See United States v. James*, 609 F.2d 36, 48–49 (2d Cir. 1979); *United States v. Borelli*, 336 F.2d 376 (2d Cir. 1964). These disclosures should be made by Monday, July 22. If Mr. Schneider believes any of the statements supplied pursuant to this order should not be disclosed to the government under Rule 26.2, Mr. Schneider should submit under seal by the same date a memorandum explaining his position.

      SO ORDERED.

                                          */s/ Rachel Kovner*
                                          RACHEL P. KOVNER
                                          United States District Judge

Dated: July 19, 2024
       Brooklyn, New York