

**ArentFox Schiff LLP**

1301 Avenue of the Americas
42nd Floor
New York, NY 10019

212.484.3900 **MAIN**
212.484.3990 **FAX**

afslaw.com

**Glenn Colton**
Partner
212.484.3972 **DIRECT**
glenn.colton@afslaw.com

December 17, 2025

***VIA ECF***

The Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Gentile, et al.*, 21-cr-00054 (RPK) (PK)

Dear Judge Kovner:

We write on behalf of our client, Jeffry Schneider, to respectfully request that the Court reconsider his sentence and reduce it to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). Extraordinary and compelling circumstances have arisen since sentencing, including the President's commutation of co-defendant David Gentile's sentence and the accompanying justification, which repudiate the core theory of fraud advanced at trial and upon which this Court relied at sentencing. Given these developments, Mr. Schneider's sentence of six years' imprisonment results in an unwarranted and unjust disparity between similarly situated co-defendants convicted of overlapping conduct, upsetting the balance the Court sought to achieve at sentencing, and is greater than necessary to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a).

As the Court is aware, Mr. Schneider was charged alongside Mr. Gentile in a multi-count indictment. *See generally* ECF No. 1. Mr. Schneider was convicted of three counts; Mr. Gentile was convicted of five counts, including three overlapping counts of conviction. ECF Nos. 473, 472. The Court imposed terms of imprisonment for both Mr. Gentile and Mr. Schneider of seven years and six years, respectively. ECF Nos. 596, 598.

On November 26, 2025, the President of the United States commuted Mr. Gentile's sentence, ECF No. 656, and the White House explained his reasoning:

> "In 2015, GBP *(sic)* disclosed to investors the possibility of using investor capital to pay some of these distributions rather than funding them from current operations. Even though this was disclosed to investors, the Biden Department of Justice claimed it was a Ponzi scheme. This claim was profoundly undercut by the







> fact that GBP *(sic)* had explicitly told investors what would happen."

*See* Press Secretary Karoline Leavitt Briefs Members of the Media, Dec. 1, 2025 at 20:39 – 21:00, https://www.whitehouse.gov/videos/press-secretary-karoline-leavitt-briefs-members-of-the-media-dec-1-2025/ (last visited December 17, 2025). Mr. Gentile served approximately twelve days in custody before his sentence was commuted.

A district court may reduce a term of imprisonment upon a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) if, after considering the factors set forth in § 3553(a), it finds that "extraordinary and compelling reasons" warrant a reduction and that any reduction is consistent with applicable policy statements of the Sentencing Commission.[1] "[I]n weighing a motion [under section 3582], the Court has broad discretion to consider reasons beyond those listed in the Sentencing Guidelines." *United States v. Martinez*, No. 06 Cr. 987-1 (DC), 2021 WL 3374530, at *2 (S.D.N.Y. Aug. 2, 2021). Here, the President's commutation of Mr. Gentile's sentence and the stated reasons for his commutation bear directly on the equities of a sentence of substantial incarceration for a co-defendant convicted on overlapping counts and present an extraordinary and compelling reason for a reduction of Mr. Schneider's sentence to time served.

***First***, the President's commutation of Mr. Gentile's sentence, and his express rationale for granting that relief—*an extraordinary and compelling change in the Executive Branch's position from sentencing*—constitute extraordinary and compelling circumstances. The President's public explanation through the official White House spokesperson recognized that GPB disclosed to investors the possibility that distributions might be funded with investor capital and that, as a result, the government's central theory was unsupported by trial proof. The White House's statements regarding investor disclosures strike at the heart of the alleged fraud the Executive Branch previously alleged and necessarily implicate the same evidentiary record and legal theory that formed the basis for Mr. Schneider's convictions as both defendants were tried on the same alleged scheme and the same disclosures. The President's reasoning and factual conclusions are not unique to Mr. Gentile and should bear equally on Mr. Schneider's sentence of incarceration.

---

[1] The Court can waive Section 3582(c)'s administrative exhaustion requirement because Mr. Schneider is subject to a federal sentence and administrative exhaustion would be impractical. *See United States v. Fernandez*, 795 F. Supp. 3d 457, 463 (S.D.N.Y. 2025) (noting that Second Circuit courts have held that Section 3582(c) does not expressly require BOP custody and that "the only absolute requirement is that a defendant be subject to a federal sentence.") (citation omitted); *United States v. Kissi*, 469 F. Supp. 3d 21, 29 (E.D.N.Y. 2020) (noting that Section 3582(c) "is the rare statute where Congress does intend for courts to be able to deem exhaustion of the BOP's administrative review procedures waived ... in the extraordinary circumstance where requiring a defendant to [exhaust] would entirely defeat the ability of the [c]ourt to grant relief.") (Brodie, J.) (alterations in original) (citation omitted).





***Second***, the Court should resentence Mr. Schneider to avoid unwarranted disparities. Section 3553(a)(6) instructs courts to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Mr. Gentile and Mr. Schneider share all three overlapping counts arising from the same alleged scheme on which Mr. Schneider was convicted. Yet, as a result of the commutation, Mr. Gentile served just twelve days, while Mr. Schneider faces approximately six years' imprisonment. This is a paradigmatic unwarranted disparity among co-defendants, particularly where the President's explanation for the commutation applies equally to Mr. Schneider. Leaving Mr. Schneider's sentence intact would produce a lopsided and unjust result that the statute instructs courts to avoid. *See United States v. Montgomery*, No. 3:18-cr-00077-2, 2021 WL 1857339, at *3 (M.D. Tenn. May 10, 2021) (finding "glaringly lopsided sentences between these particular co-defendants" who were equally culpable after one co-defendant received a commutation constituted an extraordinary and compelling reason for a sentence reduction).[2]

Moreover, the Court stated on the record that it viewed Mr. Gentile as more culpable than Mr. Schneider at sentencing, and the subsequent commutation of Mr. Gentile's sentence magnifies the disparity: the less culpable defendant who was convicted on fewer counts now faces exponentially greater punishment than his co-defendant. That inversion of proportionality is an extraordinary and compelling reason to revisit Mr. Schneider's sentence. A reduction to time served corrects the imbalance while preserving the Court's assessment of relative culpability.

***Third***, Mr. Gentile's release undermines the balance the Court attempted to achieve at sentencing. At sentencing, the Court sought to impose just punishment. The executive clemency granted to Mr. Gentile upsets that balance by sharply reducing punishment for one principal actor in the same charged scheme while leaving the other to bear the full weight of the original sentence. This creates an unjust balance in punishment not contemplated at sentencing. Reducing Mr. Schneider's sentence to time served restores the Court's imposition of a balanced and just punishment.

---

[2] *But see United States v. Gamble*, No. 18-CR-0606(JS), 2025 WL 3089386, at *7 (E.D.N.Y. Nov. 4, 2025); *United States v. Umeh*, No. 09-cr-524 (JSR), 2025 WL 1663850, at *2 (S.D.N.Y. June 11, 2025); *United States v. Mason*, No. 21 Cr. 499 (PAE), 2025 WL 1404626, at *4 (S.D.N.Y. May 15, 2025). Notably, none of these opinions address the unique situation here where the White House's grant of a commutation includes the reasons for such grant, let alone reasons that apply equally to a co-defendant seeking a reduction of sentence.







In sum, this extraordinary nature of executive clemency for a co-defendant on overlapping counts and evidence, coupled with the substantive critique of the underlying prosecutorial theory by the White House, is precisely the kind of post-sentencing development that should recognized as "extraordinary and compelling."[3] We respectfully request that the Court resentence Mr. Schneider to time served and are available to answer any questions the Court may have.

Respectfully submitted,

/s/ Glenn Colton

Glenn Colton

cc: counsel of record (via ECF)

---

[3] Other cases in the Second Circuit denying similar relief are distinguishable as they do not address the White House's announcement of reasons for granting a commutation. *See Gamble*, 2025 WL 3089386, at *7; *Umeh*, 2025 WL 1663850, at *2; *Mason*, 2025 WL 1404626, at *4.